JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5616 PA (PLAx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | U.S. Bank N.A., et al. v. Bassam Younan | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Patricia Gomez | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Bassam Younam ("Defendant"), on July 24, 2015. In its Complaint, plaintiff U.S. Bank National Association (as trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2007-1, Home Equity Pass-Through Certificates, Series 2007-1) ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant, who is appearing pro se, apparently asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[1/]

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L.

---

[1/]   Defendant does not allege a basis for the Court's jurisdiction in his Notice of Removal, but does reference Title VII of the 1964 Civil Rights Act. The Notice of Removal makes no effort to allege the Court's diversity jurisdiction, and because the action is one for unlawful detainer, and Plaintiff has disclaimed any relief in excess of $10,000, no diversity jurisdiction could exist. The Court therefore construes the Notice of Removal as an attempt by Defendant to allege that the Court possesses federal question jurisdiction over this matter.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5616 PA (PLAx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | U.S. Bank N.A., et al. v. Bassam Younan | | |

Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Defendant alleges that removal is proper because Plaintiff's attempt to evict Defendant is in someway violative of Title VII of the Civil Rights Act of 1964. Defendant's allegations concerning Plaintiff's potential civil rights violations do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Pasadena Courthouse, Case No. 15P01681. See 28 U.S.C. § 1447(c). Defendant's Request to Proceed In Forma Pauperis (Docket No. 2), and Ex Parte Application for Temporary Restraining Order (Docket No. 6) are denied as moot.

IT IS SO ORDERED.